UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HAMMANN<br>Plaintiff,<br><br>VS.<br><br>WBTS TELEVISION, LLC, and<br>NBCUNIVERSAL MEDIA LLC,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. NO _____ |

## COMPLAINT

Plaintiff John Hammann ("Plaintiff") by and through his undersigned counsel, as and for his Complaint against defendants WBTS Television, LLC and NBCUniversal Media, LLC ("Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendants' unauthorized reproduction and public display of a 2-minute-long copyrighted video capturing a fire at an apartment complex in Franklin, MA (hereinafter, the "Copyrighted Work").

2. The video is owned by Plaintiff, a Massachusetts-based professional photojournalist.

3. Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C § 101 *et seq.*

### JURISDICTION AND VENUE

4. This claim arises under the Copyright Act, 17 U.S.C § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant resides and/or

1

transacts business in Massachusetts.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

## PARTIES

7. Plaintiff is a professional photojournalist having a usual place of business at 5 Ivy Lane, Franklin, Massachusetts.

8. Plaintiff has won three (3) Emmy Awards and two (2) National Murrows for his professional work product.

9. Upon information and belief, WBTS Television LLC (WBTS) is an NBCUniversal Media LLC, owned and/or operated by television station serving Boston, MA, operating out of its principal place of business in Massachusetts at 189 B. Street, Needham Heights, MA 02494.

10. Upon information and belief, Defendant WBTS does business as "NBC-10 Boston" and "NECN", and has a usual place of business at 189 B. Street, Needham, MA 02494.

11. Defendants are registered to do business in Massachusetts.

12. At all times material hereto, Defendants have owned and operated the websites at the URLs: https://www.nbcboston.com and/or https://www.necn.com/ (the "Websites").

## STATEMENT OF FACTS

**A. Plaintiff's Ownership of the Copyrighted Work**

13. On May 24, 2021, Plaintiff recorded, edited and produced a 2-minute-long video clip of a fire at an apartment complex located in Franklin, Massachusetts (hereinafter the "Copyrighted Work").

14. Plaintiff is the author of the Copyrighted Work and has at all times been the sole owner of all right, title and interest in and to the Copyrighted Work, including the copyright thereto.

B. **Defendant's Infringing Activities**

15. In an offer to sell a license to use the Copyrighted Work commercially, Plaintiff posted the Copyrighted Work to his twitter account on May 24, 2021, and "tagged" several news stations, including the Defendant's local station, NBC10 Boston, to offer to sell each a license to use Plaintiff's Copyrighted Work. A screen shot of the Plaintiff's Twitter post displaying the Copyrighted Work is attached hereto as Exhibit A.

16. Plaintiff holds a good faith belief that without purchasing a license, no news organizations were authorized to use the Copyrighted Work, including the Defendants.

17. Pursuant to industry standards, multiple other news organizations did reach out to the Plaintiff to inquire about purchasing a license to use the Copyrighted Work.

18. Defendants did not seek permission or inquire about purchasing a license to use the Copyrighted Work.

19. To the contrary, without a license or Plaintiff's permission or consent, Defendants reposted the Copyrighted Work from the NBC10 Boston's twitter account on or about May 24, 2021 (the "Infringing Twitter Post"). A screen shot of the Infringing Twitter Post displaying the Copyrighted Work is attached hereto as Exhibit B.

20. Defendants were aware of Plaintiff's Copyrighted Work as a news anchor for Defendants responded to the Twitter post within hours by writing "Yikes!

21. In addition, Defendants edited the Copyrighted Work by taking portions of it to include in news articles on both the Websites – the NBC10 Boston website and NECN website on May 24, 2021 (the "Infringing News Article"). A screen shot of the Infringing News Article displaying the Copyrighted Work is attached hereto as Exhibit C.

22. Finally, NBC10 Boston and NECN both ran several news broadcasts on television on

May 24, 2021, and the following day, May 25, 2021, with the same edited clips of Plaintiff's Copyrighted Work.

23. At all relevant times, defendants knew that the images and videos that the published and broadcast required Plaintiff's authorization before reproduction.

24. Defendants' standard practice when it seeks to use a video published by another party on Twitter is to tweet at that copyright owner with something similar to one of the following statements:

    - "Can you please give us permission for the use of this video [a house fire] in Telemundo Boston, NBC Boston and NECN? Thanks in advance!"

    - "Hello, I am with NBC in Boston. May we have permission to use this video on our air with full courtesy? Thanks!"

    - "Hi, I'm a reporter with @NBCNews. Did you take this video? If so, will you give NBCU permission to use the video for all of our partners and platforms? Thank you."

    - "Hello! I work for the Today Show/NBC News. Did you take this video?? Thank you!"

25. Since Plaintiff posted his video to Twitter, Defendants and their agents have asked other Twitter users who posted videos for permission to use the video on at least 14 different occasions stating something to the effect: "Hi, I'm a reporter with @NBCNews. [Hope you are well]. Did you take this video? If so, will you give NBCU permission to use the video for all of our partners and platforms? Thank you."

26. Defendants did not obtain any such authorization and instead willfully infringed upon Plaintiff's Copyrighted Work by publishing, editing and reproducing Plaintiff's Copyrighted Work without permission despite knowing that the video recording was recorded and produced by Plaintiff.

4

27. Defendants knowingly published Plaintiff's Copyrighted Work without authorization and intentionally misrepresented to the public that Plaintiff had given such authorization to Defendants when Defendants edited their broadcasts to include Plaintiff's Twitter username on the broadcast.

28. As of at least March 2, 2022, Defendants' websites continued to publish screenshots and video clips containing Plaintiff's Copyrighted Work even after Plaintiff demanded on or about June 3, 2021 that Defendants cease and desist from doing so.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT)**
(17 U.S.C. §§ 106, 501)

29. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-25 above.

30. Defendants infringed Plaintiff's copyright in the Copyrighted Work by reposting it as well as publicly including it in news articles on their websites and in their broadcasts.

31. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, repost, publicly display, distribute and/or use the Copyrighted Work.

32. The acts of the Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act. 17 U.S.C. § 106 and 501.

33. Upon information and belief, the foregoing acts of infringement by the Defendants have been willful or in reckless disregard of Plaintiff's rights.

34. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for the infringement.

35. Alternatively, Plaintiff is entitled to statutory damages for Defendants' willful infringement of the Photograph pursuant to 17 U.S.C. § 504(c).

36. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

37. Defendants' conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measure in monetary damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Copyrighted Work in violation of 17 U.S.C. § 106 and 501;

2. That Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendants' profits, gains or advantages of any kind attributable to Defendants' infringement of Plaintiff's Copyrighted Work; or (b) alternatively, statutory damages per copyrighted work infringed pursuant to 17 U.S.C. § 504(c);

3. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

                                        The Plaintiff,
                                        JOHN HAMMANN,
By his Attorneys,
**PIERCE DAVIS & PERRITANO LLC**

/S/ SETH BARNETT
_____
Seth Barnett, BBO #661497
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
sbarnett@piercedavis.com

Dated: July 14, 2022